UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN T. STEVENS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MIDDLESEX COUNTY OFFICE OF THE PUBLIC DEFENDER, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 16-9090 (PGS)<br><br>**MEMORANDUM AND ORDER** |

　　　This matter comes before the Court on a civil rights Complaint filed by Plaintiff Calvin T. Stevens, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated by Defendants. Plaintiff seeks to proceed *in forma pauperis*, and the Court grants that request. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). It appearing:

　　　1. A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am.*

*Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

2. Plaintiff asserts claims against his public defenders in an ongoing state criminal proceeding. (*See* ECF No. 1 at 4.) However, public defenders are not state actors liable under § 1983, because they are not persons acting under the color of law. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.") (citation and quotation omitted); *Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) ("Public defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). As such, the Complaint fails to state a claim upon which relief may be granted, and is dismissed.

IT IS therefore on this 20 day of December, 2016,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of the Middlesex County Adult Correction Center in New Brunswick, New Jersey; it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2);[1] it is further

---

[1] Plaintiff is assessed this filing fee regardless of the outcome of the case, even when, as here, the Court is dismissing the Complaint upon *sua sponte* screening. *See Siluk v. Merwin*, 783 F.3d 421,

2

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid; each payment shall reference the civil docket numbers of the actions to which the payment should be credited; it is further

**ORDERED** that the Complaint is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted; to be explicit, the Court intends this dismissal to count as a "strike" for the purposes of the "three strike" rule under 28 U.S.C. § 1915(g); and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail, and shall **CLOSE** the file.

_____
Peter G Sheridan, U.S.D.J.

---

432 n.65 (3d Cir. 2015), rev'd on other grounds, 136 S. Ct. 627 (2016); *see also Perotti v. United States*, No. 16-1986, 2016 WL 6678918, at *1 n.2 (3d Cir. Nov. 14, 2016).

3